IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD T. MORALES | : | CIVIL ACTION |
| v. | : | |
| JAMES T. WYNDER, ET AL. | : | NO. 07-1884 |

## ORDER-MEMORANDUM

**AND NOW**, this 15th day of May, 2007, upon consideration of Petitioner's "First Motion for Equitable Relief in the Exercise of this Honorable Court's Inherent Article (3) Powers and/or for Relief from Judgment" (Docket No. 1), **IT IS HEREBY ORDERED** as follows:

1. Petitioner's Motion is **DENIED**.

2. Civil Action No. 07-1884 is **DISMISSED WITH PREJUDICE**, and

3. The Clerk of Court shall mark this action **CLOSED** for statistical purposes.

Morales is currently incarcerated at the State Correctional Institution at Dallas, Pennsylvania. On January 9, 2007, he filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, which was docketed as Civil Action No. 06-3924. In an Order dated April 27, 2007 (the "Order"), we adopted the Report and Recommendation of Magistrate Judge Charles B. Smith and dismissed the Petition on the ground that the claims were untimely. On May 9, 2007, Morales filed a new civil action, in which he challenges our finding that the claims raised in his habeas petition were untimely and requests that we "re-open" his habeas petition. Morales does not articulate what was erroneous in our dismissal Order. Instead, he dedicates his new civil action solely to the task of arguing that we have authority to "re-open" his prior habeas petition pursuant to Federal Rule of Civil Procedure 60(b), Article III of the United States Constitution, and 28 U.S.C. § 2243.

Rule 60(b) provides, in relevant part, that relief from a judgment may be granted on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). The general purpose of Rule 60(b) is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Boughner v. Secretary of Health, Education and Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'" Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981). However, a "Rule 60(b) motion may not be used as a substitute for appeal, and . . . legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988).

Morales does not assert in his new civil action that he is entitled to relief from our prior judgment under any of the enumerated grounds of Rule 60(b), i.e., he does not allege any "mistake," "newly discovered evidence" or "fraud" as to our decision regarding his habeas petition, nor does he allege that our "judgment is void" or "any other reason justifying relief from" our prior judgment on his habeas petition. Instead, he merely argues that his new civil action, as far as it is brought pursuant to Rule 60(b), is not a successive habeas petition. Morales relies on Gonzalez v. Crosby,

545 U.S. 524, 531 (2005), which held that, in the context of prisoners seeking habeas relief, the only way that a Rule 60(b) motion would not be treated as a successive habeas petition is if the motion did not in any way attack the prisoner's conviction and/or sentence with an argument based upon the federal constitution, federal law, or federal treaties.  Id. at 532-33.  While we agree with Morales that his new civil action is not successive habeas petition, this fact does not make the action meritorious when, as stated above, it does not allege any proper basis for relief under Rule 60(b).

Morales also asserts that we are authorized to "re-open" his habeas petition pursuant to Article III of the Constitution and 28 U.S.C. § 2243.  He argues that "Article 3[] provides a District Court plenary equitable power to revisit and-or revise its own judgment in the interest of fundamental justice."  Similarly, Morales argues that we have "plenary equitable power over [our] own judgments" under 28 U.S.C. § 2243, and that our powers under § 2243 are "broad enough to allow [us] to revise a judgment in the interest of fundamental justice."  Even if we agree with these arguments by Morales, he has not identified any fundamental injustice requiring us to revise our dismissal of his prior habeas petition.

BY THE COURT:

s/ John R. Padova, J.
John R. Padova, J.